IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERROD BAILEY, )<br>      Petitioner, )<br>v. )<br>THE STATE OF PENNSYLVANIA, )<br>et al., )<br>      Respondents. ) | Civil Action No. 13-42 Erie<br>District Judge Sean J. McLaughlin<br>Magistrate Judge Susan Paradise Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed without prejudice for failure to prosecute.

**II.    REPORT**

On or around February 11, 2013, the Clerk of Court received from Petitioner a petition for a writ of habeas corpus. [ECF No. 1]. However, Petitioner did not pay the filing fee of $5.00 or file a motion for leave to proceed *in forma pauperis*. As a consequence, by Order dated February 13, 2013, this Court directed Petitioner that, on or before March 5, 2013, he must either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. The Order warned that Petitioner's failure to comply would result in the dismissal of this action for failure to prosecute. [ECF No. 2].

This Court's February 13, 2013, Order was mailed to Petitioner at his address of record. He did not comply with it.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and

1

respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and, 6) the meritoriousness of the claim or defense. Id. at 868.

After weighing the Poulis factors to the extent appropriate, it is recommended that the Court dismiss this case without prejudice. Although not all the factors relevant to the Poulis balancing test weigh in favor of dismissal, that is not necessary. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Since the filing of this case, Petitioner has not made any of the necessary first steps to prosecute it. He has not paid the required filing fee or filed a motion for leave to proceed *in forma pauperis*. Without Petitioner's payment of the filing fee or *in forma pauperis* status, this case cannot proceed. He is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Although it is possible that Petitioner could state a claim upon which relief ultimately could be granted, the merits of the claim are impossible to determine at this early stage of the proceeding.

Based upon all of the forgoing, it is recommended that this case be dismissed without prejudice. And since this case cannot proceed because Petitioner has not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*, it further recommended that his motion for injunctive relief [ECF No. 3] be denied.

Dated:  March 13, 2013     /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:    Jerrod Bailey
       01A1845
       Southport Correctional Facility
       PO Box 2000
       Pine City, NY 14871-2000